IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL DAVIS, III, | ) |
|         Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-874-SRF ) |
| LOGAN SPICER, *et al.*, | ) ) |
|         Defendants. | ) ) |

**MEMORANDUM OPINION[1]**

**I.   INTRODUCTION**

Presently before the court in this civil rights action is the motion of Defendants Logan Spicer ("Officer Spicer"), Nathaniel Weir ("Officer Weir"), and Scott Hurd ("Corporal Hurd") (collectively, "Defendants") to dismiss the original complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 16)[2] and the motion of Plaintiff Daniel Davis, III ("Mr. Davis") for leave to file a first amended complaint (D.I. 23).[3] For the following reasons, Defendants' motion to dismiss is DENIED without prejudice and Plaintiff's motion to amend is GRANTED-IN-PART and DENIED-IN-PART.

---

[1] The parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment, and the case was assigned to the undersigned judicial officer on August 6, 2021. (D.I. 15)

[2] The briefing for the present motion to dismiss is as follows: Defendants' opening brief (D.I. 17), Plaintiff's answering brief (D.I. 18), and Defendants' reply brief (D.I. 19).

[3] The briefing for the present motion to amend is as follows: Plaintiff's opening brief (D.I. 23), Defendants' answering brief (D.I. 25), and Plaintiff's reply brief (D.I. 26).

## II. BACKGROUND

### a. Facts[4]

On June 24, 2019, Gas Recovery, LLC ("Gas Recovery"), acting on behalf of the lender who financed the vehicle, Santander Consumer USA Inc. d/b/a Chrysler Capital, attempted to repossess Mr. Davis' vehicle without first obtaining a court order. (D.I. 1 at ¶¶ 12-13, 15) Mr. Davis objected to the repossession peacefully, but Gas Recovery called City of Dover Police Department ("Dover Police") for assistance. (*Id.* at ¶¶ 18-19) Officers Spicer and Weir and Corporal Hurd, Dover Police Officers, arrived at the scene, and one or more of them instructed Mr. Davis to leave his vehicle. (*Id.* ¶ 8-10, 19-21) When Mr. Davis refused, Defendants forcibly removed him from his vehicle, deployed tasers at least twice, and arrested and charged him with various offenses in connection with his objection to the repossession. (*Id.* at ¶ 21) Plaintiff filed a Notice of Certification in Further Opposition of Motion to Quash on September 27, 2021, in the related case, C.A. No. 20-840-SRF, in which Mr. Davis indicated that the Court of Common Pleas of Kent County, Delaware dismissed *nolle prosequi* with prejudice Mr. Davis' criminal charges on September 22, 2021. (*See* C.A. No. 20-840-SRF, D.I. 43)[5]

### b. Procedural History

On June 18, 2021, Mr. Davis filed a complaint (the "original complaint") in the District of Delaware against Officer Spicer, Officer Weir, Corporal Hurd, and John Does 1-4 in their

---

[4] The facts in this section are based upon allegations in the original complaint, which the court accepts as true for the purposes of the instant motions. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).
[5] *See Davis v. Gas Recovery, LLC, et al.*, C.A. No. 20-840, an action against the lender, Santander Consumer USA Inc. d/b/a Chrysler Capital, and repossession company hired by the lender, Gas Recovery, LLC, for alleged negligence, wrongful repossession, conversion, and trespass in violation of Mr. Davis' rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and Delaware's Uniform Commercial Code, 6 *Del. C.* § 9-609, *et seq.*

individual capacities. (D.I. 1) Mr. Davis in the original complaint alleges that Defendants deprived him of his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 by unlawfully assisting in the repossession of his vehicle, forcibly removing him from his vehicle, deploying tasers, and arresting him on "multiple bogus charges." (*Id.* at ¶¶ 20-21, 24-28, 31) Mr. Davis alleges that Defendants knew that neither Gas Recovery nor Chrysler had obtained a court order or similar writ to repossess Mr. Davis' vehicle. (*Id.* at ¶¶ 25, 39) It further alleges that Defendants knowingly, intentionally, and willfully used excessive force, arrested Mr. Davis without probable cause or a warrant, and detained Mr. Davis without legal authority or justification. (*Id.* at ¶¶ 41-43) As a result of Defendants' conduct, Mr. Davis claims he lost his primary mode of transportation and has suffered, *inter alia*, physical injuries, pecuniary loss, and emotional distress. (*Id.* at ¶ 30) Mr. Davis seeks nominal, compensatory, and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988. (*Id.* at ¶ 44)

On August 13, 2021, Defendants moved to dismiss the original complaint in its entirety for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16) The court entered a Scheduling Order on September 8, 2021, requiring all motions to amend the pleadings be filed on or before December 3, 2021. (D.I. 21 at ¶ 2) On December 3, 2021, Mr. Davis filed a motion for leave to file an amended complaint (the "amended complaint"). (D.I. 23) Mr. Davis in the amended complaint proposes to add detail regarding each Defendant's use of excessive force and involvement in the repossession and alleges that Defendants also violated his First Amendment rights. (D.I. 23, Ex. 1 at ¶¶ 4, 22, 24-25, 31, 50, 54, 63) Mr. Davis seeks amendment to include additional civil rights violations under Section 1983 and an additional Dover Police Defendant, Corporal Mark Guiteras ("Corporal Guiteras"), alleging that the Gas Recovery "repo man" captured the entire incident on video, but

that Defendants conspired to cover up any wrongdoing by preparing a police report containing multiple falsehoods and directing the "repo man" to destroy video evidence of the repossession. (*Id.* at ¶¶ 1, 6-7, 14, 26, 36-42, 44, 47, 53) Mr. Davis also alleges that he was falsely arrested and maliciously prosecuted because his related criminal charges were dismissed with prejudice after the original complaint was filed. (*Id.* at ¶¶ 35, 38-40, 43-46, 48, 62-64)

### III.  LEGAL STANDARD

#### a.  Federal Rule of Civil Procedure 15

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when the amendment arises out of the "conduct, transaction, or occurrence" set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). For an amendment that adds a party to relate back, the plaintiff must also satisfy additional conditions, including establishing that the party to be added, within the period provided by Rule 4(m), received "such notice of the action that it will not be prejudiced in

4

defending on the merits." Fed. R. Civ. P. 15(c)(1)(C); *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 207 (3d Cir. 2006).

      b.      **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task

requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. ANALYSIS

### A. Motion to Amend

Within the deadline for amending pleadings set by the court in the scheduling order, Mr. Davis moves to amend on the basis that discovery has revealed additional civil rights violations. (D.I. 23; D.I. 21 at ¶ 2) Namely, Mr. Davis claims an alleged conspiracy among the Dover Police Defendants to conceal their alleged wrongdoing by destroying video evidence that would have revealed the use of force as alleged in the original complaint and misrepresentations in the police incident report that resulted in Mr. Davis' alleged false arrest and criminal prosecution on groundless charges dismissed on the day of trial. (D.I. 23, Ex. 1 at ¶¶ 1, 6-7, 26, 35-48, 53, 62-64) Mr. Davis claims the facts underlying the alleged conspiracy could not have been discovered until he appeared for his criminal trial. (*Id.* at ¶ 44-47)

Mr. Davis has incorporated the conspiracy allegations into the factual background of the proposed first amended complaint and the Section 1983 civil rights claim in Count I by adding a claim that Defendants "conspired" to deprive Mr. Davis of his rights. (*Id.* at ¶¶ 35-50, 53) Furthermore, Mr. Davis seeks to add another Dover Police Officer, Corporal Guiteras, as an additional Defendant. (*Id.* at ¶ 14)

Defendants oppose the amendment to add conspiracy to the original civil rights Count on the basis that it is time-barred and does not relate back to the filing of the original complaint. (D.I. 25 at 4-9) Defendants oppose adding another Dover Police Officer as a new Defendant for the same reasons and because the party to be added never received notice as required under Fed. R. Civ. P. 15(c)(1)(C)(i). (*Id.*)

6

The court will first address the conspiracy claim. It is undisputed that the statute of limitations ran on Mr. Davis' civil rights claim on June 24, 2021. Delaware's two-year statute of limitations for personal injury applies to cases arising under 42 U.S.C. § 1983. 10 *Del. C.* § 8119; *see also McDowell v. Del. State Police*, 88 F.3d 188, 190-91 (3d Cir. 1996); *Daoud v. City of Wilmington*, 894 F.Supp.2d 544, 557 (D. Del. 2012) ("Section 1983 does not itself provide a statute of limitations; rather, the applicable statute of limitations is the state's statute of limitations governing personal injury claims"). "A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action." *Carr v. Town of Dewey Beach,* 730 F. Supp. 591, 603 (D. Del. 1990). Thus, Mr. Davis' proposed amended complaint, filed December 3, 2021, falls outside the scope of the applicable two-year statute of limitations. (D.I. 23, Ex. 1)

However, the court finds the conspiracy claim relates back to the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B);[6] *See* also *Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims"). The proposed conspiracy claim is dependent upon and arises out of the occurrence set forth in the original complaint as the claims for the civil rights violations and conspiracy to conceal it relate to the underlying alleged unlawful repossession of Mr. Davis' vehicle. (D.I. 1 at ¶¶ 21, 24-28, 31; D.I. 23, Ex. 1 at ¶¶ 35-50) The conspiracy claim alleges that the Dover Police Officers concealed their wrongdoing by destroying video evidence that would have revealed their violations of Mr. Davis' civil rights, misrepresented facts in the police incident report, and falsely arrested and prosecuted Mr. Davis. (D.I. 23, Ex. 1 at ¶¶ 1, 6-7, 26,

---

[6] "An amendment to a pleading relates back to the date of the original pleading when: the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

35-48, 53, 62-64) Mr. Davis asserts that the conspiracy was not revealed until he appeared on September 22, 2021 to face the charges on which he was being prosecuted and learned of the alleged conspiracy to cover-up evidence that resulted in dismissal of the charges on the day of trial. (*Id*. at 44-47) Thus, the conspiracy relates to and arises from the civil rights violations alleged in the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B). Mr. Davis moved to amend within the time allowed by the court. (D.I. 21 at ¶ 2) Therefore, the amendment is not time-barred, and the court will allow it.

Notwithstanding the relation back of the alleged conspiracy to deprive Mr. Davis of his rights, the court will not permit Mr. Davis to add another Dover Police Officer, Corporal Guiteras, as a Defendant. Mr. Davis makes no effort to argue in his opening or reply brief how such an amendment is proper under Rule 15,[7] arguing instead that the court apply equitable tolling. (D.I. 23; D.I. 26 at 3-5) However, the Third Circuit in *Urrutia v. Harrisburg Cty. Police Dep't* held that "[a]n amendment to the complaint in which specific police officers would be named as additional defendants…would have cured the [statute of limitations] defect, if it related back under Rule 15(c)." *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996). The court explained that "[a]mong the several conditions in Rule 15(c) that must be

---

[7] For an amendment that "changes the party or the naming of a party against whom a claim is asserted," the Plaintiff has the burden of establishing that "(1) the claim in the amended pleading arises out of the 'conduct, transaction, or occurrence' set forth in the original pleading; (2) within [90] days of institution of the action, the party to be brought in by amendment must have received 'such notice of the…action that the party will not be prejudiced in maintaining a defense on the merits'; and, (3) within [90] days of institution of the action, the party to be brought in by amendment must have known or should have known that, 'but for a mistake concerning the identity of the proper party,' the action would have been brought against that party." Fed. R. Civ. P. 15(c)(l)(C); *See Arthur*, 434 F.3d at 207. "Because this rule is conjunctive, Plaintiff must prove each of the three factors." *Averill v. Jones*, C.A. No, 12-599-MN, 2019 WL 3804686, at *3 (D. Del. Aug. 13, 2019) (citing *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001)).

8

satisfied for an amendment to relate back is that the individuals to be added as defendants must receive such notice of the institution of the action within [90] days of the filing of the complaint that they will not be prejudiced in maintaining a defense on the merits." *Id.*; *See* Fed. R. Civ. P. 15(c)(1)(C)(i); *See also Fetterman v. Westmoreland Cty. Childrens Bureau*, 681 Fed. Appx. 166, 169 (3d Cir. 2017) ("[i]n order to add new parties to a timely commenced action outside of this limitations period, an amended pleading must 'relate back' to the original pleading under Rule 15(c)"). The court finds that Mr. Davis has not met his burden to add another Dover Police Defendant six months after the statute of limitations expired on his claim because it is undisputed in the record that the party to be added received no notice. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Mr. Davis' motion is silent on the prejudice this particular Defendant would suffer in this instance if he were added to this suit well past the expiration of the statute of limitations. *See Urrutia*, 91 F.3d at 453-54. Mr. Davis has not attempted to address Rule 15, the prejudice to Corporal Guiteras, or even plead any substantive basis to add the new Defendant in the proposed amended complaint, naming him only in the case caption and list of parties. (D.I. 23, Ex. 1 at 1, ¶ 14)

The court is not persuaded by Mr. Davis' attempt to avoid the consequences of Fed. R. Civ. P. 15(c)(1)(C) by arguing that equitable tolling based on fraudulent concealment operates to prevent his claims against a new Defendant, Corporal Guiteras, from being time-barred.[8] "The

---

[8] Equitable tolling based on the "fraudulent concealment doctrine operates to stop the statute of limitations from running in circumstances when the accrual date of a claim has passed but the 'plaintiff's cause of action has been obscured by the defendant's conduct.'" *In re Cmty. Bank of N. Virginia Mortg. Lending Pracs. Litig.*, 795 F.3d 380, 400-01 (3d Cir. 2015) (quoting *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 160 (3d Cir. 2002)); *See also Dickens v. Taylor*, 671 F. Supp. 2d 542, 547 (D. Del. 2009) (holding that equitable tolling may be applied to "suits brought under federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy"). The plaintiff has the burden of proving fraudulent concealment, which requires

remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'" *Santas ex rel. Beato v. U.S.*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990)). Mr. Davis recites perfunctory reasons as to why he did not know about Corporal Guiteras' part in the alleged conspiracy, but does not make an affirmative showing of any of the three elements of equitable tolling based on fraudulent concealment. *See Cetel*, 460 F.3d at 509. Importantly, there is no showing of any "due diligence efforts in attempting to uncover the relevant facts" as required to show the applicability of equitable tolling based on fraudulent concealment. *Id.*

Therefore, the proposed amendment to add Corporal Guiteras as a Defendant is time-barred, and Mr. Davis' motion to amend is denied-in-part. Mr. Davis' motion to amend as it relates to the conspiracy claim is granted-in-part. An amended complaint that complies with this Memorandum Opinion shall be filed within five (5) days. Defendants shall file a responsive pleading within five (5) days of service of the amended complaint.

### B. Motion to Dismiss

Defendants seek dismissal of the original complaint on two grounds: (1) Mr. Davis does not adequately plead the individual actions taken by each officer in order to sustain a cause of action under 42 U.S.C. § 1983, and (2) Mr. Davis does not allege any facts to support an award of punitive damages. (D.I. 17) Having granted-in-part Mr. Davis' motion for leave to file the amended complaint (D.I. 23), Defendants' motion to dismiss the original complaint is moot. *See Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (holding

---

a three-part showing: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Grp.*, 460 F.3d 494, 509 (3d Cir. 2006).

that where a party filed an amended complaint, a motion to dismiss the original complaint was rendered moot). Therefore, Defendants' motion to dismiss is denied without prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (D.I. 16) is DENIED without prejudice and Plaintiff's motion to amend (D.I. 23) is GRANTED-IN-PART and DENIED-IN-PART.

Dated: March 1, 2022

Sherry R. Fallon
United States Magistrate Judge