IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL DAVIS III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-874-SRF |
| | ) |
| LOGAN SPICER, *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER[1]

At Wilmington this **14th** day of **March, 2023**, the court having considered the parties' submissions regarding Defendants' Motion to Permit Additional Discovery and Disqualify Plaintiff's Counsel ("Motion") and Plaintiff's Cross-Motion for an Additional Deposition ("Cross-Motion"),[2] (D.I. 52; D.I. 54), IT IS HEREBY ORDERED that Defendants' Motion and Plaintiff's Cross-Motion are GRANTED-IN-PART for the reasons discussed below:

1. **Background.**[3] This is a civil rights action arising from the alleged use of force by the Defendant Dover Police Officers during a repossession of the Plaintiff's vehicle. This Motion arises because Defendants have recently succeeded in locating the repossession company's tow truck operator, Shawn Sweigart, and request his deposition testimony prior to

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment, and the case was assigned to the undersigned judicial officer on August 6, 2021. (D.I. 15)

[2] The briefing for the pending Motion is as follows: Defendants' Motion and opening brief (D.I. 52), Plaintiff's responsive brief and Cross-Motion (D.I. 54), and Defendants' reply brief (D.I. 55). Plaintiff's responsive brief and Cross-Motion, (D.I. 54), exceeds the page limit permitted by the court's Oral Order of March 1, 2023. (D.I. 53) In the future, the court will strike non-compliant filings.

[3] The factual background of the litigation is detailed in the court's Memorandum Opinion on the Motions for Partial Summary Judgment. (*See* D.I. 47)

trial. Trial is scheduled to begin on March 27, 2023. (D.I. 27) The parties seek to re-open discovery to depose Sweigart, his wife, Trish Burgos,[4] a newly identified witness who was allegedly present during the repossession, and Richard Kilmon, the private investigator hired by Defendants to locate Sweigart and obtain his sworn statement. In addition, the Defendants move to disqualify Plaintiff's counsel and his law firm based on Sweigart's statement to Defendants' private investigator in which he claims that he was bribed by Plaintiff's counsel to falsely state that the Defendant Dover Police Officers ordered the destruction of an alleged video tape of the repossession incident. (D.I. 52, Ex. C at ¶¶ 8–12)

2.  Plaintiff alleges that the Defendant Dover Police Officers conspired and ordered the destruction of video evidence of the repossession to cover up their use of force against the Plaintiff while wrongfully assisting in the civil repossession of Plaintiff's vehicle. (*See e.g.*, D.I. 31 at ¶¶ 1, 6, 41–42) Plaintiff supports his allegations with an unsworn statement that Sweigart made on the courthouse steps on the day of the Plaintiff's criminal trial. (*Id.* at ¶ 44) Plaintiff's counsel video-recorded Sweigart's statement on his mobile phone. (*See* D.I. 54, Ex. 2 at ¶ 11)

3.  Sweigart was expected to testify as the State's witness in Plaintiff's criminal trial on charges stemming from the incident. (D.I. 31 at ¶ 44) Prior to the criminal trial, Plaintiff claims that Sweigart, in the presence of Plaintiff's counsel, the State's prosecutor, and other witnesses disclosed that a video was recorded from equipment in his tow truck and it captured

---

[4] The court notes a discrepancy regarding the witness's last name. The investigator and Sweigart indicate her last name as "Bates," (D.I. 52, Exs. B–C), but the witness signs her last name as "Burgos." (D.I. 52, Ex. D) The court will refer to her as "Trish Burgos," as it appears in her sworn statement. (*Id.*) Furthermore, the court notes a discrepancy regarding Sweigart and Burgos's marital status. The investigator's report suggests that Sweigart is "separated" from Burgos and Burgos indicated that Sweigart is her "ex." (D.I. 52, Ex. B at 2) However, Sweigart and Burgos's sworn statements refer to each other as "husband" and "wife." (*See* D.I. 52, Ex. C at ¶ 4; *Id.*, Ex. D at ¶ 2)

2

the Dover Officers' use of force against the Plaintiff. (*Id.*) Sweigart allegedly represented that his employer Gas Recovery, LLC, was instructed by Dover Police to destroy the video. (*Id.*) Plaintiff's criminal charges pending in the Court of Common Pleas for Kent County, Delaware, were then dismissed *nolle prosequi* with prejudice. (*Id.* at ¶¶ 45–46)

4. During the discovery period in the pending case, Plaintiff unsuccessfully attempted to secure Sweigart's deposition. Plaintiff moved for sanctions on two occasions for Sweigart's failure to appear for a deposition. (*See* No. 20-840-SRF, D.I. 49; No. 20-840-SRF, D.I. 66) The court denied Plaintiff's request for sanctions but granted leave for Plaintiff to serve another subpoena for Sweigart and compelled him to appear for a deposition within thirty days of the Order. (D.I. 36 at ¶¶ 6, 8) Throughout May of 2022, Plaintiff attempted to serve Sweigart with a deposition subpoena but was unsuccessful. (D.I. 54, Ex. 1-E)

5. During the pretrial conference on February 16, 2023, the court reserved decision on the admissibility of the video recording of Sweigart's statement. (*See* Pre-trial conference transcript, at 21:13–22:3) The court will not consider whether to admit an unsworn, out-of-court statement over Defendants' hearsay objections before it is even established that the witness is unavailable to testify at trial.

6. Following the pretrial conference, Defendants hired a private investigator, Richard Kilmon of O'Rourke Investigative Services, to locate Sweigart. (D.I. 52 at 5) On February 20, 2023, the investigator found Sweigart and obtained his sworn statement. (D.I. 52, Exs. B–C) Sweigart claims that the Plaintiff and Plaintiff's counsel offered him money in exchange for favorable testimony at Plaintiff's criminal trial, but that he burned the payments in his fire pit. (D.I. 52, Ex. C at ¶¶ 8–12)

7. The private investigator also found Trish Burgos, who is alleged to be Sweigart's tow truck passenger and an eyewitness, and obtained her sworn statement. (D.I. 52, Exs. B, D) She claims that Sweigart received at least one check with a letter from Plaintiff's attorney. (D.I. 52, Ex. D at ¶ 6)

8. There is a discrepancy between the investigator's report of what Sweigart and Burgos stated and what they claim in their sworn statements regarding the existence of a video. The investigator claims that at first Sweigart confirmed the prior statement he gave on the courthouse steps that a camera on his truck captured a video of the incident but that his company deleted it. (D.I. 52, Ex. B at 2) The investigator also claims that Sweigart said his wife, Trish Burgos, took a video of the incident on her phone but that the video had been deleted and she no longer has the phone. (*Id.*) The investigator further claims that Burgos said she never recorded the incident with her phone but she believed that the truck had a camera on it. (*Id.*) However, in both Sweigart and Burgos's sworn statements, they claim that there was never a video recording made by any device. (D.I. 52, Ex. C at ¶¶ 6, 10; D.I. 52, Ex. D at ¶ 4)

9. Based on the new revelations by Sweigart and Burgos, and Sweigart's accusation of an alleged bribe made by Plaintiff and his counsel, Defendants filed the present Motion seeking to re-open discovery and allow depositions of additional witnesses. (D.I. 52 at 8–9) Defendants also move to disqualify Plaintiff's counsel on the basis that he and/or other members of his firm may be called as necessary witnesses in the case. (*Id.* at 9–12) Plaintiff's Cross-Motion seeks to re-open discovery for the purpose of obtaining a deposition of the Defendants' private investigator, Kilmon. (D.I. 54 at 3)

10.    **Re-Opening of Discovery.** Defendants request leave to depose Shawn Sweigart, Trish Burgos, a designated representative of Plaintiff's counsel, and the attorneys present during Plaintiff's criminal trial. (D.I. 52 at 8–9) Defendants request that such depositions shall be completed before the parties' experts' depositions. (*Id.* at 9)

11.    Plaintiff agrees to the Defendants' requests for depositions of Sweigart and Burgos. (D.I. 54 at 3) Plaintiff also requests to depose the investigator, Kilmon. (*Id.*) In their reply brief, Defendants did not address the Plaintiff's request to depose Kilmon. (*See* D.I. 55) Therefore, the court will presume their silence is acquiescence.

12.    The court grants the parties' joint request to re-open discovery for the limited purpose of securing the depositions of Shawn Sweigart, Trish Burgos, and Richard Kilmon. The parties shall meet and confer on the mutual date, time and locations for the depositions of Shawn Sweigart, Trish Burgos, and Richard Kilmon so that they are completed **on or before March 22, 2023**. If one or both sides serves a deposition subpoena on Sweigart and any other witnesses, then they shall provide a written notice to the witness that the payment accompanying the subpoena is "for attendance fees and mileage as required by Federal Rule of Civil Procedure 45(b)(1)."

13.    Plaintiff requests that Sweigart's deposition occur by video at the federal courthouse or another location permitted under Federal Rule of Civil Procedure 45(c) and that it "be commanded by Order of the Court, and served by the U.S. Marshalls [sic]." (D.I. 54 at 3–4; *see also id.* at 12–13)

14.    The court denies Plaintiff's request that Sweigart be taken into custody by the U.S. Marshals and brought to the courthouse for a deposition. Plaintiff has not provided the

court with any authority supporting this request. Presently, the witness, Sweigart, is not in contempt of a deposition subpoena because the Plaintiff has failed to serve him with one. Furthermore, the court previously denied Plaintiff's request to take the discovery deposition at the courthouse. (*See* D.I. 36 at ¶ 8) The court's position has not changed and Plaintiff's request is denied.

15. Additionally, the parties seek to depose the State's prosecutor, Shemik Thompson, Esq. (*See* D.I. 52 at 9 n.4; D.I. 54 at 13 n.9) The court will not entertain requests for relief that are placed in footnotes. Moreover, the court previously denied Plaintiff's motion for leave to depose the State's prosecutor. (*See* D.I. 39) Such discovery is privileged and attorney work-product and the court's position has not changed.

16. Moreover, the court denies Defendants' request to depose a representative of Plaintiff's counsel's law firm for the reasons stated in the following section.

17. **Disqualification under "Lawyer as Witness" Rule.** The Model Rules of Professional Conduct of the American Bar Association, govern attorneys admitted or authorized to practice in this court per Local Rule 83.6(d). Model Rule 3.7(a) states in relevant part:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

MODEL RULES OF PROF'L CONDUCT r. 3.7(a) (AM. BAR ASS'N 2020). Thus, if the attorney is "likely to be a necessary witness," he may not act as an advocate unless one of the three listed exceptions are met.

18. Defendants seek to disqualify Plaintiff's counsel Flitter Milz, P.C. because the new information uncovered by their investigator reveals an alleged conspiracy between

6

Plaintiff's counsel and Sweigart to fabricate a claim of destruction of video evidence. (D.I. 52 at 9–12) They assert that Plaintiff's counsel and members of his firm are now necessary witnesses under Model Rule 3.7(a) subject to examination under oath about Sweigart's accusations of an alleged bribe. (*Id.*; D.I. 55 at 6–7)

19. Plaintiff claims that any checks Sweigart received were statutory witness fees sent pursuant to Federal Rule of Civil Procedure 45(b)(1). (D.I. 54 at 5–9; *see also* 28 U.S.C. § 1821) Also, Plaintiff disputes Sweigart's statement that he burned the checks because he cashed at least one. (D.I. 54, Ex. 1-D) Plaintiff argues that his counsel is not considered a necessary witness, therefore, Model Rule 3.7(a) is inapplicable. (D.I. 54 at 9–10) However, even if the court finds Plaintiff's counsel is a necessary witness, Plaintiff argues that disqualification at this stage would present a substantial hardship as trial is scheduled in less than two weeks. (*Id.* at 11)

20. The record before the court is fraught with Sweigart's conflicting statements which each side has obtained through their own means for their own purposes without ever securing the witness' examination under oath through the means available under Federal Rule of Civil Procedure 45. The accusation of counsel is a serious one and the court will not base a decision on a Motion to Disqualify on a contradictory record lacking a proper foundation through an examination under oath. Therefore, the court denies Defendants' Motion to Disqualify Plaintiff's counsel without prejudice to renew following Sweigart's deposition, should the record support a reasonable, good faith basis for such a motion.

21. **Conclusion.** For the foregoing reasons, IT IS HEREBY ORDERED: Defendants' Motion (D.I. 52) and Plaintiff's Cross-Motion (D.I. 54) are GRANTED-IN-PART.

The depositions of Shawn Sweigart, Trish Burgos, and Richard Kilmon shall be completed **on or before March 22, 2023**. All other requests for pre-trial depositions are DENIED WITHOUT PREJUDICE.

      22.    Defendants' Motion to Disqualify Plaintiff's Counsel is DENIED WITHOUT PREJUDICE to renew.

                                                        Sherry R. Fallon
                                                        UNITED STATES MAGISTRATE JUDGE